UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROGER W. E. COLE,

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant.

_____/

Case No. 1:02-CV-137

HON. RICHARD ALAN ENSLEN

**OPINION**

       This matter is before the Court on Defendant United States' Motion for Summary Judgment. The Court will grant Defendant's Motion.

**I.    Background**

       For the tax years 1999 and 2000, Plaintiff submitted two separate U.S. Individual Income Tax Returns (Form 1040), each filled out with his name, address, and the number zero inserted into the lines for wages, total income, and adjusted gross income. The 1999 Form 1040 requested a refund from the IRS in the amount of $5,056.92 for the tax year 1999. Plaintiff's submission did not include a W-2. Plaintiff included a statement indicating Plaintiff did not believe that the Internal Revenue Code established an income tax liability with both his 1999 and 2000 submissions. On or about August 30, 2000, the IRS assessed Plaintiff a penalty for filing a frivolous income tax return for the tax year 1999.[1] On February 1, 2001, the IRS issued a Form 1058 Final Notice - Notice of Intent to

---

[1]The IRS acted pursuant to 26 U.S.C. § 6702 which states:
a civil penalty will be imposed
If--

    (1) any individual files what purports to be a return of the tax imposed by subtitle A but which–

    (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

Levy and Notice of Your Right to a Hearing to Plaintiff. On or about February 8, 2001, Plaintiff filed a request for a collection due process hearing ("CDP"). Plaintiff attached a request for names, federal identification numbers, and job descriptions of the IRS employees who imposed the frivolous return penalty, the delegation of authority from the Secretary authorizing such persons to impose the penalties, and the Treasury regulations allowing IRS employees to impose the frivolous return penalty.[2]

On May 4, 2001, the IRS sent Plaintiff a letter notifying him that his submission for tax year 2000 was frivolous and that he had thirty days in which to correct his position. On October 14, 2001, the IRS sent Plaintiff a Form 1058 Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing. On or about October 20, 2001, the IRS assessed a penalty for filing a frivolous income tax return for the tax year 2000 against Plaintiff. Plaintiff again requested a CDP Hearing with the same requests for information mentioned above attached, which the IRS received on November 5, 2001. Plaintiff attended a CDP Hearing regarding the assessment of frivolous return penalties for tax years 1999 and 2000 on December 21, 2001.

Following the hearing, the IRS sent Plaintiff a Notice of Determination on February 5, 2002. This mailing included a Summary of Determination by the IRS Appeals Officer, and an Attachment-3194, which indicated the matters considered at the CDP Hearing and the conclusions of the Appeals

---

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to--

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

[2]The Court notes that, while Plaintiff does not challenge the IRS's determination that his submissions for 1999 and 2000 were frivolous, the Sixth Circuit Court of Appeals has held that filings similar to Plaintiff's are frivolous. *Schoffner v. C.I.R.*, 812 F.2d 292, 293 (6th Cir. 1987).

Office. The summary stated that, because Plaintiff had not raised relevant issues at the appeal, the proposed levy action "balances the need for efficient collection of taxes with the concern as to the intrusiveness of the action." On February 27, 2002, Plaintiff brought this action seeking a declaratory judgment that the IRS's February 5, 2002 Determination was invalid because no legitimate CDP Hearing was held. Plaintiff also seeks an award of costs and punitive damages resulting from this action.

Plaintiff claims the following:

1. United States cannot legally seize Plaintiff's property pursuant to 26 U.S.C. § 6331 because no writ of garnishment or writ of attachment has been issued.

2. Penalty is not supported by any testimony or documented evidence.

3. Hearing was not conducted in accordance with 26 U.S.C. § 6330 or 26 C.F.R. § 301.6330-1.

4. Appeals Officer did not provide verification from Secretary pursuant to 26 U.S.C. § 6330(c).

5. IRS did not provide verification that the requirements of any applicable procedural requirements had been met pursuant to 26 C.F.R. 301.6330-1.

6. Appeals Officer did not provide documentation signed by an IRS employee supporting imposition of penalty.

7. Appeals Officer did not produce documentation of delegation of authority.

8. Appeals Officer did not provide regulation authorizing IRS employees to impose penalty or requiring Plaintiff to pay penalty.

9. Appeals Officer did not produce statute establishing Plaintiff's liability for tax.

10. Appeals Officer refused to accept Plaintiff's collection alternative.

11.     Appeals Officer did not provide proof that the Secretary authorized collection of the penalty pursuant to 26 U.S.C. § 7401.

## II.     Standard of Review and Applicable Federal Rules

Under the language of Federal Rule of Civil Procedure, Rule 56(c), the initial burden, in a summary judgment motion, is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Federal Rule of Civil Procedure 56(c). Moreover, affidavits must meet certain requirements:

> [A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Fed. R. Civ. P. 56(e). The Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (citations omitted). Thus, in resolving a motion for summary judgment, the Court should not consider unsworn or uncertified documents, *Id.*; unsworn statements, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-969 (6th Cir. 1991); inadmissible expert testimony, *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997); or hearsay evidence, *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994).

### III.   Analysis

#### A.   Court's Jurisdiction Over Plaintiff's Damages Claim

##### 1.   Plaintiff's 26 U.S.C. § 7433 Claim for Damages

Plaintiff asserts a claim for punitive damages for the time and effort he expended to respond to the IRS's actions regarding his filings. Plaintiff does not cite a source for this claim, but the Court presumes Plaintiff intended to bring this claim pursuant to 26 U.S.C. § 7433. Section 7433 permits taxpayers to bring a civil action for damages if, in connection with any collection of Federal tax, an IRS employee or officer "recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." Before bringing such an action, however, the taxpayer must exhaust all administrative remedies available. 26 U.S.C. § 7433(d)(1). A collection action is defined in the regulations as follows:

> A collection action generally includes any action taken by the Internal Revenue Service to collect a tax (or any interest, additional amount, addition to tax, or penalty, together with any costs in addition to the tax) or any action taken by a taxpayer in response to the Internal Revenue Service's act or failure to act in connection with the collection of a tax (including any interest, additional amount, addition to tax, or penalty, together with any costs in addition to the tax). For example, a collection action for purposes of section 7430 and this section includes any action taken by the Internal Revenue Service under Chapter 64 of Subtitle F to collect a tax. Collection actions also include those actions taken by a taxpayer to remedy the Internal Revenue Service's failure to release a lien under section 6325 and to remedy any unauthorized collection action as defined by section 7433. However, an action or procedure directly relating to a claim for refund

filed with the Service Center's Collection Branch or District Director's Collection Division after payment of an assessed tax is not a collection action."

26 C.F.R. § 301.7430-3(b).

Plaintiff's challenge in this case is to the validity of the CDP Hearing, which took place after issuance of a Notice of Levy. Neither a hearing nor a Notice of Levy is a collection action implicating the remedies available under § 7433. Rather, both are predicates to action and together may result in a decision by the IRS not to take any collection action.

Since § 7433 does not apply, Plaintiff must demonstrate another source for his action because the United States enjoys immunity from suit under the principles of sovereign immunity. This immunity may be pierced only by express waiver. *United States v. Dalm*, 494 U.S. 596, 608 (1990). In the instant case, Plaintiff has failed to demonstrate that the United States has waived its sovereign immunity and opened itself to damage suits based on a challenge to the validity of a CDP Hearing. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (finding plaintiff has burden of establishing subject matter jurisdiction over claim). Plaintiff cannot rely on the waiver in § 7433 because no collection action has occurred.

In light of the above, Plaintiff's claim for punitive damages must be dismissed for lack of jurisdiction.

2. Court lacks jurisdiction over Plaintiff's claims for compensatory relief

Plaintiff seeks reimbursement from the Government for his costs in bringing this action. Presumably, Plaintiff relies on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), to bring this claim. The FTCA permits civil actions against the United States for money "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." However, this provision is

limited by 28 U.S.C. § 2680, which states that § 1346(b) "shall not apply to ... (c) Any claim arising in respect of the assessment or collection of any tax." *See also Carlyle v. United States Dep't of the Army*, 674 F.2d 554, 556 (6th Cir. 1982) (finding that § 2680 limits the jurisdiction of federal courts and prohibits pleading matters that clearly fall within its exceptions). Since Plaintiff's claim relates to possible assessment and collection of taxes, it falls within the exceptions of § 2680 and this Court does not have jurisdiction to hear it.

### B.    IRS Did Not Abuse Its Discretion

#### 1.    Standard of Review

In reviewing the Notice of Determination the Court applies an abuse of discretion standard. The standard of review is dependent on whether the merits of the underlying tax liability were properly at issue in the CDP Hearing. Where the underlying tax liability is at issue, the Court reviews the Commissioner's determination *de novo*, otherwise the Court reviews for abuse of discretion. *MRCA Info. v. United States*, 145 F. Supp. 2d 194, 199 (D. Conn. 2000) ("In the instant case, the validity of the underlying tax liability is not at issue. Accordingly, the court concludes that an abuse of discretion standard of review is appropriate when a district court reviews a determination of an IRS appeals officer's determination pursuant to 26 U.S.C. § 6330."); *Geller v. United States*, 2001 WL 1346669, *2 (S.D. Ohio Sept. 26, 2001); *Goza v. Commissioner*, 114 T.C. 176, 181-182 (2000). Although Plaintiff could have addressed the merits of the underlying tax liability at the CDP Hearing, he did not.[3] Therefore, the Court reviews the Appeals Officer's determination for an abuse of discretion. Because Plaintiff did not raise the issue of his underlying tax liability at the CDP Hearing, he cannot raise that issue on appeal. 26 C.F.R. § 301.6330-1(f).

---

[3] Because the IRS did not issue a Notice of Deficiency regarding the frivolous return penalties, Plaintiff was not given a separate opportunity to dispute the underlying tax liabilities. Therefore, under § 6330(c)(2)(B), Plaintiff could have challenged the existence or amount of the underlying tax liability.

### 2.     Adequacy of Procedure Followed by IRS

Plaintiff challenges the form of the notice before levy which he received as not adhering to statutory requirements. 26 U.S.C. § 6330 requires notice by the Secretary of a person's right to a hearing before a levy on any property is made. The notice must contain, in simple and nontechnical terms, the amount of the unpaid tax, the right of the person to request a hearing within thirty days, the proposed action by the Secretary, and the rights of the person with respect to such action. 26 U.S.C. § 6330(a)(3). More than one court has held that the form of the notice does not matter as long as the required contents are contained within the notice. *Hoffman v. United States*, 209 F. Supp. 2d 1089, 1094 (W.D. Wash. 2000) (citing *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992); *Kelly v. United States*, 209 F. Supp. 2d 981, 991 (E.D. Mo. 2002) (citing *United States v. Roccio*, 981 F.2d 587, 591 (1st Cir. 1992); *Carroll v. United States*, 2002 WL 1962944 (W.D. Tenn. May 29, 2002). It appears from the submitted documents that Plaintiff's notice was adequate and contained all of the requisite information.

Plaintiff also complains that the notice was not signed by the Secretary, but by the Chief of the Automated Collection Branch. Section 6330 requires notification by the Secretary, which in this case means the Secretary or his delegate. 26 U.S.C. § 7701(a)(11)(B). An employee of the IRS is an appropriate delegate of the Secretary with the authority to sign a notice to levy. *Id*. at (12)(A)(i). Plaintiff's Notice of Levy was signed by the Chief of the Automation Branch, an IRS employee, which satisfies the requirements of § 6330(a)(1). *Nestor v. Comm'r of Internal Revenue*, 118 T.C. 162, 165 (2002).

Plaintiff complains that the CDP Hearing was not conducted in accordance with § 6330(c) because he raised relevant issues that the Appeals Officer ignored. According to § 6330(c), Plaintiff may raise "any relevant issue relating to the unpaid tax or the proposed levy." Section 6330 lists "appropriate spousal defenses; challenges to the appropriateness of collections actions; and offers of collection alternatives" as relevant issues to raise at the CDP Hearing. As mentioned above, the existence or amount of the underlying tax liability may be addressed if the person did not receive a

notice of deficiency or otherwise have an opportunity to dispute the tax liability previously. Plaintiff did not raise any of these issues. Rather, the only issues Plaintiff raised were those considered outside the scope of a CDP Hearing, such as the statutory authority establishing Plaintiff's liability for taxes, the Appeals Offficer's access to verification that all applicable statutory and regulatory requirements had been met and verification that she had the authority to hold the hearing and impose the penalty. These questions were frivolous and irrelevant to imposition of the penalty, which was the subject of the CDP Hearing. Plaintiff's tax forms were frivolous under the statute and therefore subject to a penalty. *Nelson v. United States*, 796 F.2d 164, 167 (6th Cir. 1986) (stating that person of ordinary common sense could understand what is prohibited by § 6702); *Heitman v. United States*, 753 F.2d 33, 34 (6th Cir. 1984) (finding that failure to provide financial information on tax forms warranted fine for frivolous filing). Imposition of the penalty has nothing to do with whether Plaintiff has any tax liability. Plaintiff's failure to raise relevant issues at the CDP Hearing does not translate into an invalid proceeding.

With respect to Plaintiff's complaint that the Appeals Officer did not provide verification from the Secretary that the requirements of any applicable law or administrative procedure have been met pursuant to § 6330(c)(1), the Court finds it is sufficient that the Appeals Officer attested to satisfaction of all applicable law and administrative procedure. 26 U.S.C. § 6330(3)(A); 26 C.F.R. § 301.6330-1(e)(1); *Hoffman*, 209 F. Supp. 2d at 1095; *Kelly*, 209 F. Supp. 2d at 988-89. The record shows that Plaintiff received the proper notice, was given a CDP Hearing upon his request, and was allowed to raise any relevant issues at the Hearing. Plaintiff received a Notice of Determination and was adequately informed of his right to appeal. The Court finds that the IRS complied with all requirements of § 6330 and its related regulations.

The Government argues that Plaintiff's other requests for documentation are requests for legal research and beyond the scope of the Freedom of Information Act ("FOIA"). FOIA does not require agencies to provide explanations or answers in response to questions disguised as FOIA requests or to create documents or opinions in response to an individual's request for information. *Hudgins v.*

*Internal Revenue Service*, 620 F. Supp. 19, 21 (D.D.C. 1985). FOIA also does not require agencies to do parties' legal research. *Yon v. Internal Revenue Service*, 671 F. Supp. 1344, 1347 (S.D. Fla. 1987). Even if the Court considered Plaintiff's requests to be discovery motions, the IRS would not be required to respond. There is no right to discovery at a CDP Hearing. *Kelly*, 209 F. Supp. 2d at 988-89. Additionally, the materials Plaintiff requested are either irrelevant or readily available to the public. *Id*. Therefore, whether considered FOIA requests or discovery requests, the IRS was not wrong in failing to provide Plaintiff with the materials he requested.

The Court finds there is no legal foundation for Plaintiff's claim that the hearing should be held invalid because the Appeals Officer failed to provide documentation authorizing imposition of a penalty. Plaintiff was sent two notices notifying him of his failure to pay his taxes, his liability for a penalty under 26 U.S.C. § 6702, and the amount of that penalty, as well as his right to request a CDP Hearing. This information satisfies the requirements of 26 U.S.C. § 6751(b), which requires notice of a penalty to include the name of the penalty, the source of the penalty, and the amount of the penalty. No approval of the assessment by an immediate supervisor is required because this is an automatic penalty for a fixed amount. 26 U.S.C. §§ 6751(b)(2)(B) and 6702. Furthermore, the notification Plaintiff received is sufficient proof of the adequacy and propriety of the assessment. "Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992). The parties who signed the documents Plaintiff received were appropriate delegates of the Secretary with authority to impose the penalty pursuant to § 7401 and § 7701. *Herip v. United States*, 2002 WL 31002855, *6 (N.D. Ohio July 25, 2002).

Plaintiff argues that the IRS did not comply with the requirements of § 6331. However, § 6331 does not apply since no collection occurred and the CDP Hearing was not about Plaintiff's failure to pay taxes. Plaintiff also claims that the Appeals Officer ignored his collection alternative. Section 6330 suggests the following as collection alternatives: posting bond; substitution of other assets; an

installment agreement; or an offer in compromise. Plaintiff did not offer a valid collection alternative but rather a challenge to the Appeals Officer which she did not need to address. Plaintiff offered to write a check if the Appeals Officer could show him the regulation allowing the Officer to impose the penalty. This is not a collection alternative as that term is used in § 6330. The Appeals Officer's refusal to entertain that offer was not an abuse of discretion.

### C.     No Abuse of Discretion by IRS Appeals Office With Respect to Determination Letter

Pursuant to § 6330(c)(3), the determination by the Appeals Officer after the CDP Hearing should consider verification that all requirements of any applicable law or regulation have been met; any issues raised at the hearing; and whether "the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." As indicated above, there was adequate verification of compliance with applicable laws and regulations in the Notice of Determination. Plaintiff did not raise any relevant issues at the CDP Hearing which the Appeals Officer had to consider. Plaintiff does not dispute that he was permitted to raise issues at the CDP Hearing. It was his choice to raise matters irrelevant to the proceeding. The Appeals Officer correctly balanced the competing interests in finding the Notice of Levy appropriate. Plaintiff received due process and adequate information. This Court finds the IRS Appeals Office did not abuse its discretion in issuing the Notice of Determination as it did.

### IV.    Conclusion

Therefore, the Court will grant Defendant's Motion. A judgment consistent with this opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 21, 2002 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>United States District Judge |